1  TRINETTE G. KENT (State Bar No. 025180)
2  11811 North Tatum Blvd., Suite 3031
   Phoenix, AZ 85028
3  Telephone:  (480) 247-9644
4  Facsimile:  (480) 717-4781
   E-mail: tkent@lemberglaw.com
5

6  *Of Counsel to*
   Lemberg & Associates LLC
7  A Connecticut Law Firm
8  1100 Summer Street
   Stamford, CT  06905
9  Telephone:  (203) 653-2250
10 Facsimile:  (203) 653-3424

11
   Attorneys for Plaintiff,
12 Patricia Langreck

13
14
15                    IN THE UNITED STATES DISTRICT COURT
16                         FOR THE DISTRICT OF ARIZONA
17
18

19 | Patricia Langreck,                      | Case No.:            |
   |-----------------------------------------|----------------------|
20 |     Plaintiff,      | **COMPLAINT**        |
21 |                                         |                      |
22 |  vs.                               |                      |
23 |                                         | **JURY TRIAL DEMANDED** |
   | Law Office of Joe Pezzuto, LLC; and     |                      |
24 | DOES 1-10, inclusive,                   |                      |
25 |     Defendants.     |                      |

26
27
28

For this Complaint, the Plaintiff, Patricia Langreck, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Patricia Langreck (hereafter "Plaintiff"), is an adult individual residing at 201 Vernon Street, Apt. 1, Decorah, Iowa 52101, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Law Office of Joe Pezzuto, LLC (hereafter "Pezzuto"), is an Arizona company with an address of 4013 East Broadway Road #A2, Phoenix, Arizona 85040-8818, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Pezzuto and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Pezzuto at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff's mother allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Pezzuto for collection, or Pezzuto was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Pezzuto Engages in Harassment and Abusive Tactics

12. Within the last year, Pezzuto contacted Plaintiff in an attempt to collect the Debt by placing numerous calls to Plaintiff's residential telephone.

13. Plaintiff's mother (the "Debtor") incurred the Debt, and Plaintiff was in no manner financially responsible for repayment of the Debt.

3

14. During the initial conversation and during each conversation thereafter, Plaintiff requested that Pezzuto cease all calls to her residential line.  Plaintiff explained that the Debtor was elderly, suffered from dementia and Alzheimer's disease, and was unable to take the calls to speak with Pezzuto.

15. In response, Pezzuto stated that Plaintiff would need to confirm Debtor's impaired condition in writing and continued to place calls to Plaintiff.

16. During a later conversation, Pezzuto rudely screamed at Plaintiff that it would continue to call her until the Debt was paid.

17. Moreover, when Plaintiff asked to speak with a supervisor, Pezzuto's representative falsely told her she must make a request to speak with a supervisor "in writing."

### C. <u>Plaintiff Suffered Actual Damages</u>

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

# COUNT I

# VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

# 15 U.S.C. § 1692, *et seq.*

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

22. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

23. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

24. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25. The Plaintiff is entitled to damages as a result of the Defendants' violations.

# COUNT II

# INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

28. Arizona further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Arizona state law.

29. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with the above-referenced phone calls.

30. The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

31. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

32. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

33. All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

 A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

 B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

 C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

 D. Actual damages from the Defendants for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;

 E. Punitive damages; and

 F. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

| | | |
|---|---|---|
| **1** | DATED:  October 18, 2013 | LEMBERG & ASSOCIATES, LLC |
| **2** | | |
| **3** | | By: */s/   Trinette G. Kent*<br>Trinette G. Kent |
| **4** | | |
| **5** | | Attorney for Plaintiff,<br>Patricia Langreck |